# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 CR 737 - 2 | **DATE** | 6/3/2002 |
| **CASE TITLE** | United States of America vs. James R. Turcotte | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant moves to exclude evidence of April Bolling's death. That motion is, for now, granted. Defendant also moves to exclude references to "ecstasy" and "date rape drug." That motion is granted in part and denied in part.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | JUN 6 2002 | |
| | Notified counsel by telephone. | | | date docketed | |
| ✓ | Docketing to mail notices. | | | | 83 |
| | Mail AO 450 form. | | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | | |
| | WAH | courtroom deputy's initials | 02 JUN -4 PM 2:43 | date mailed notice | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | No. 00 CR 737 |
| BRIAN F. GORE and JAMES R. TURCOTTE, | ) | |
| Defendants. | ) | |

DOCKETED
JUN 6 2002

## MEMORANDUM OPINION AND ORDER

Defendant Turcotte is charged with conspiracy to sell various misbranded and controlled substances, and with possession with intent to distribute a controlled substance analogue. The government has, it claims, evidence that in furtherance of the conspiracy defendant's co-conspirator sold Zen to the husband of April Bolling, and she thereafter died from an overdose of Zen. Defendant moves to exclude evidence of April Bolling's death. That motion is, for now, granted.

The government quite correctly points out that its experts will testify that the substances here involved can have significant adverse physiological effects, including death, and the jury is surely entitled to know why those substances are illegal. But defendant is not charged with the death of April Bolling and, unless defendant takes the position that Zen is harmless or beneficial or at least not unduly harmful, we fail to see how evidence of that death advances the government's case. On the other hand, the jury's knowledge that someone died could be unduly prejudicial to defendant.

Defendant also moves to exclude references to "ecstasy" and "date rape drug." The

government counters by representing that GHB, GBL and BD are commonly referred to as "club drugs," and ecstacy is but another of those drugs, and all are covered by the Date-Rape Drug Prohibition Act of 2000. We have no doubt that government experts will testify that GHB, GBL and BD pose the danger of non-consensual sex, often being ingested at clubs or parties, which leads to their being described as "club drugs." We see no particular prejudice to defendant by a passing reference to ecstacy being of a similar nature, as that relationship may be helpful to the jury's understanding of the nature of the substances. We see no particular reason, however, why they need to be described as "date rape" drugs. The motion is granted in part and denied in part.

JAMES B. MORAN
Senior Judge, U. S. District Court

June 3, 2002.