

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 CR 737 - 2 | **DATE** | 7/2/2003 |
| **CASE TITLE** | United States of America vs. James R. Turcotte | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant filed motions seeking a judgment of acquittal or, alternatively, a new trial. For the following reasons, defendant's motions are denied. Sentencing reset to September 10, 2003 at 9:30am.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | JUL 07 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | U.S. DISTRICT COURT CLERK | docketing deputy initials | 129 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | 03 JUL -3 PM 12:17 | date mailed notice | |
| WAH | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | No. 00 CR 737 |
| | ) | |
| JAMES R. TURCOTTE, | ) | |
| | ) | |
| Defendant. | ) | |

DOCKETED
JUL 0 7 2003

## MEMORANDUM OPINION AND ORDER

On November 22, 2002, following a jury trial, defendant James R. Turcotte was found guilty of three counts arising from the possession and distribution of controlled substances. Defendant filed motions seeking a judgment of acquittal or, alternatively, a new trial. For the following reasons, defendant's motions are denied.

## BACKGROUND

In Count One of the indictment, defendant was charged with knowingly selling misbranded drugs, namely Gamma Hydroxybutyric Acid (GHB), Gamma Butyrolactone (GBL) and Butanediol (BD) in violation of 21 U.S.C. §§ 331(a) and 333(a)(2) and 18 U.S.C. §§ 371 and 372. In Count Two, defendant was charged with possessing, with the intent to distribute, mixtures containing controlled substances, during the period of March 13, 2000, to September 8, 2000, in violation of 21 U.S.C. §§ 841(a)(1) and 813. In Count Five, defendant was charged with possessing, with intent to distribute, approximately 60 gallons of GHB and GBL, in violation of 21 U.S.C. §§ 841(a)(1) and 813. Defendant's trial on these three counts began on November 12, 2002, and on November 22, 2002, he was found guilty of all counts. January 22, 2003, was set as the final day for post-trial motions. On January 22, 2003, defendant, through his attorneys, presented a series of arguments seeking a judgment of



acquittal or a new trial. On March 20, 2003, through separate counsel, defendant filed a supplemental memorandum to his post-trial motions, presenting new arguments in support of these motions.

## DISCUSSION

Federal Rules of Criminal Procedure 29(c) and 33 allow a defendant to file motions for judgment of acquittal and for a new trial, respectively. These motions must be filed within seven days of a guilty verdict or within any other time established by the court during the seven-day period. While we recognize that defendant's supplemental memorandum, which presented new arguments, was filed well after the allowable period for post-trial motions, we will deal with all arguments presented by defendant's counsel. The arguments presented in the supplemental memorandum are closely related to those contained in the original motion and the government's attorneys had a fair opportunity to respond.

Defendant argues: (1) the jury instructions defining "controlled substance analogue" were defective in that they asked the jurors to read the elements in the disjunctive; (2) the jury instructions for Count Five were fatally defective in that they allowed defendant to be found guilty, without knowing that a specific drug was a controlled substance; (3) the government failed to disclose "Brady" material; (4) the controlled substance analogue act as applied to GBL and GHB, and the emergency scheduling of GHB, are unconstitutionally vague; (5) the evidence that GBL and BD are analogues of GHB was insufficient; (6) other federal law prevents BD and GBL from being controlled substance analogues; (7) the scheduling of GHB as a Schedule I controlled substance has expired; and (8) the defendant's fundamental constitutional rights were infringed when the government decided to regulate these controlled substances.

The jury instructions defining controlled substance analogue were not defective when read in conjunction with the special verdict forms. In determining whether specific substances were analogues of the Schedule I substances, the jury was asked to read the three elements of 21 U.S.C. § 802(32)(a) in the disjunctive.[1] This allowed the jury to determine that GBL and BD were analogues of GHB without necessarily determining that the chemical structures of the substances were substantially similar. A number of district courts have read the statute in the conjunctive in order to avoid absurd results, see United States v. Vickery, 199 F. Supp. 2d 1363, 1371 (N.D. Ga. 2002); United States v. Clifford, 197 F. Supp. 2d 516, 522 (E.D. Va. 2002), and we are inclined to agree. The Seventh Circuit has never dealt with the reading of Section 802(32)(A). Such a determination, however, does not affect defendant's conviction. The jury's special verdict forms establish that the government proved all three elements of Section 802(32)(A) beyond a reasonable doubt with respect to GHB and that it did not prove BD was an analogue. And in finding defendant guilty of Count Five, the jury made it abundantly clear that it found defendant had engaged, with another, to possess with intent to deliver GHB.

The jury instructions detailing the elements of Count Five were also sufficient. 21 U.S.C. §841(a)(1) clearly contains a knowledge element. But "knowingly" is customarily

---

[1]The Controlled Substance Act, 21 U.S.C. § 802(32)(A) provides, in relevant part:

the term "controlled substance analogue" means a substance -
a. the chemical structure of which is substantially similar to the chemical structure of a controlled substance in Schedule I or II;
b. which has a stimulant, depressant, or hallucinogenic effect on the central nervous system that is substantially similar to or greater than the stimulant, depressant, or hallucinogenic effect on the central nervous system of a controlled substance in Schedule I or II; or
c. with respect to a particular person, which such person represents or intends to have a stimulant, depressant, or hallucinogenic effect on the central nervous system that is substantially similar or greater than the stimulant, depressant, or hallucinogenic effect on the central nervous system of a controlled substance in Schedule I or II.

interpreted as factual knowledge, as distinguished from knowledge of the law, consistent with the maxim that ignorance of the law is no excuse. Bryan v. United States, 524 U.S. 184, 192-95 (1998). The jury verdict established that defendant knowingly possessed GBL and the special verdict established that GBL is a controlled substance analogue of GHB. GHB is a Schedule I controlled substance, and, pursuant to 18 U.S.C. §813, a controlled substance analogue intended for human consumption is treated as a Schedule I controlled substance.

The defendant possessed an analogue with intent to distribute and, according to United States v. DeSurra, 865 F.2d 651, 653 (5th Cir. 1989), that is enough even if he did not know it was an analogue. Perhaps that goes too far, as it might, possibly, in other circumstances, ensnare individuals engaged in apparently innocent conduct. *See* Bryan v. United States, *supra,* at 194. But here, by the special verdict, the jury determined that defendant represented or intended that GBL had a stimulant, depressant, or hallucinogenic effect on the central nervous system substantially similar or greater than the effect of GHB.

There is no evidence that the government failed to disclose any "Brady" material to the defendant, thereby resulting in prejudice to the defendant. The Constitution requires that prosecutors disclose any evidence they possess that is material to either guilt or punishment. Brady v. Maryland, 373 U.S. 83 (1963). Prosecutors turned over the Investigational Drug Applications (INDs) promptly, after learning of their existence. Defense attorneys were therefore able to review the material and use it during the trial. Moreover, defendant, even now, directs us to no information contained in the INDs that leads us to believe that defendant sold the controlled substances for legitimate uses or that otherwise serves to undermine confidence in the result of the trial. *See* United States v. Gonzalez, 93 F.3d 311, 315 (7th Cir. 1996) *quoting* United States v. Bagley, 473 U.S. 667, 678 (1985).

The Controlled Substance Analogue Statute is not unconstitutionally vague as applied to GBL and GHB. A criminal statute is void for vagueness only if ordinary people cannot figure out what type of conduct is prohibited. Kolender v. Lawson, 461 U.S. 352, 357 (1983). The jury in this case determined by the special verdict form that defendant sold GBL as an alternative to GHB, representing or intending that it have a similar effect. Moreover, the evidence clearly established the chemical and functional similarities of the two components. The Eleventh Circuit, in United States v. Fisher, 289 F.3d 1329, 1338-39 (11th Cir. 2002), dealt with this exact issue, holding that a person of ordinary intelligence should recognize the similarity between GBL and GHB, and that Section 802(32)(A) is not unconstitutionally vague.

Likewise, the scheduling of GHB as a controlled substance is not unconstitutionally vague. Congress voted to direct the Attorney General to issue an order listing GHB in Schedule I. Because Congress acted directly, it was unnecessary to follow the procedures set forth in the Administrative Procedure Act. Once GHB was listed on the schedule, any reasonable person would know that the possession and distribution was prohibited by law.

We find no reason to challenge the jury's determination that GBL is a controlled substance analogue of GHB. If any reasonable fact-finder could have found that the elements of a crime were established beyond a reasonable doubt, we will not disturb the jury's verdict. Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. Menting, 166 F.3d 923, 928 (7th Cir. 1999). Prosecutors offered extensive evidence as to the similarities of the two substances, both physically and functionally. Defendant offers no reasons for us to disregard this evidence or any reasons why it was insufficient to support the jury's verdict.

The Dietary Supplements Health and Education Act, 21 U.S.C. § 321 (DSHEA), does not prevent the classification of GBL as a controlled substance analogues. Defendant claims

that the Drug Enforcement Agency (DEA) has affirmatively determined that GBL is not a regulated substance. All that the DEA's statement actually says is that (as of 1998) GBL itself is not listed on a schedule as a controlled substance. 65 FR 21645-01. The DEA goes on to state that "[c]hemical mixtures containing GBL will be treated the same as chemical mixtures containing any listed chemical." 65 FR 21645-01. Because the jury determined that GBL is a controlled substance analogues of GHB, DSHEA indicates that we should treat it as any other analogues of controlled substances.

Defendant's argument that the scheduling of GHB has expired also fails. As stated above, Congress, rather than the Attorney General, made the determination to list GHB as a Schedule I substance. The scheduling was therefore not an emergency scheduling, which would have been limited to a term of 18 months. Because Congress made the determination, the time limit does not apply. In any case, even if we were to accept defendant's argument that the scheduling had expired, GHB was clearly listed in Schedule I during the period of time in which defendant was found to have possessed and distributed the substances.

Finally, the government's regulation of the possession and distribution of controlled substances does not violate any of defendant's constitutionally protected rights. Defendant appears to make this argument mainly for purposes of appeal. We note that courts have repeatedly determined that Congress has the power under the Constitution to regulate the possession and distribution of drugs and that this governmental regulation does not infringe any constitutionally protected rights.. *See, e.g.*, <u>United States v. Westbrook</u>, 125 F.3d 996 (7th Cir. 1997) (holding that the Commerce Clause, U.S.C.A. Const. Art. 1, § 8, cl. 3, gives Congress the power to regulate drug distribution).

## CONCLUSION

For the foregoing reasons, defendant's motions for a judgment of acquittal or a new trial are denied.

　　　　　　　　　　　　　　　　　　　　　　　　JAMES B. MORAN
　　　　　　　　　　　　　　　　　　　　　　Senior Judge, U. S. District Court

July 2, 2003.