# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 CR 737-2 | **DATE** | 5/26/2004 |
| **CASE TITLE** | USA vs. JAMES R. TURCOTTE | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Government's motion for entry of its proposed preliminary forfeiture order and for amendment of the judgment is denied. That results in a final appealable order, and we assume the government will appeal. Accordingly, we stay any return of assets to the defendant, but we do direct the government to vacate its lien on the defendant's residence.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAY 28 2004 | |
| | Notified counsel by telephone. | | date docketed | 178 |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 00 CR 737 |
| | ) | |
| JAMES R. TURCOTTE, | ) | |
| | ) | |
| Defendant. | ) | |

DOCKETED
MAY 2 8 2004

## MEMORANDUM OPINION AND ORDER

The government filed a motion for entry of a preliminary order of forfeiture on January 10, 2003. I imposed sentence on July 17, 2003, and judgment was entered on July 22, 2003. That judgment did not include any forfeiture. My best recollection (and it is uncertain) is that the draft preliminary forfeiture order did not make reference to the fact that certain of the assets were to stand as bond for appeal and I was awaiting an amended draft, although I stated I would enter such an order. No such draft was forthcoming and I failed to note that the judgment made no reference to forfeiture. The defendant filed a notice of appeal the following day. Two months later the government filed a motion to correct the judgment of conviction to include the preliminary order of forfeiture. Since then, the parties have been skirmishing about the court's jurisdiction to enter such an order.

In the usual course, when there has been a trial, the case follows the dictates of Rule 32.2, Fed.R.Crim.P. The court enters a preliminary order of forfeiture after a verdict or finding of guilty, although the jury may also be involved. The order becomes final as to the defendant at sentencing "and must be made a part of the sentence and be included in the judgment." That triggers ancillary proceedings, in which third party claimants can assert an

interest in the property, leading ultimately to a final forfeiture order. But, in the meantime, the judgment has concluded the interests of the defendant and any appeal can go forward.

If a preliminary order of forfeiture had been entered and, for reasons not due to clerical error, the judgment did not include the forfeiture, the judgment cannot be amended to include it at a far later date, according to United States v. Pease, 331 F.3d 809 (11th Cir. 2003). While the court referred to the district court's loss of jurisdiction once a notice of appeal was filed, I do not understand that to mean that a district court loses the seven days in Rule 35, Fed.R.Crim.P., to correct clear error, but here far more than seven days have passed. It has also been established that forfeiture is not part of a plea, but is, rather, part of the sentence, Libretti v. United States, 516 U.S. 29 (1995), although there the issue was not the one now before the court. Further, the Eleventh Circuit concluded, in United States v. Petrie, 302 F.3d 1280, 1284 (11th Cir. 2002), that a failure to enter a preliminary forfeiture order in the sentencing judgment after a forfeiture verdict could not be rectified by a subsequent preliminary forfeiture order, even though the judgment stated that the defendant was subject to forfeiture.

The appellate court opinion in that case, United States v. Libretti, 38 F.3d 523 (10th Cir. 1994), is illustrative of some continuing uncertainty in this area. The court ruled that the defendant's claim could not be reconsidered after his notice of appeal was filed – but the opinion seems to indicate that the preliminary order of forfeiture was entered well after the judgment, and the court did not rest on that. In the Eighth Circuit the court seems to consider the judgment and a later preliminary forfeiture order as separate and independent matters. In United States v. Casas, 999 F.2d 1225 (8th Cir. 1993), cert. denied, 510 U.S. 1078 (1994), the preliminary order of forfeiture was entered three months after the sentencing judgment. The

court determined that the defendant had to file a separate notice of appeal of the forfeiture order, without questioning the jurisdiction of the district court to enter the subsequent order. It also did not question the jurisdiction to enter a preliminary forfeiture order after the sentencing judgment in United States v. Covey, 232 F.3d 641 (8th Cir. 2000), considering it a separate matter to be later determined.

In United States v. Christunas, 126 F.3d 765 (6th Cir. 1997), the preliminary forfeiture order followed the sentencing judgment by well over a month. Again, the court did not question the jurisdiction to enter the order. More recently, in United States v. Ferrario-Pozzi, 2004 WL 1058159 (1st Cir. 2004), the sentencing judgment referred to forfeiture but left its determination for a later date. That later preliminary forfeiture order, the court ruled, passed muster. Finally, in the district court in United States v. Genova, 333 F.3d 750 (7th Cir. 2003), the final judgment was to remain open until forfeiture issues were resolved, but the judge nevertheless signed the final judgment without any reference to a forfeiture. He later amended the judgment, calling the matter a clerical error. The Court of Appeals affirmed, and the timing of the preliminary order of forfeiture was not considered.

Forfeitures are somewhat of an anomaly. They are part of a sentence – but the jury has a role in their determination. They often are determined by the court well after the sentencing date, as they require an exploration of the defendant's assets and the source of those assets, matters not necessarily relevant to the defendant's guilt or innocence. It is therefore not surprising, as the cited cases indicate, that courts often treat forfeiture as a subsequent collateral matter. Still, the defendant has an interest in initiating an appeal at the earliest possible time, as he may be (and probably is) in prison in the interim, and the appellate court, the government and the defendant all have an interest in one, not two, appeals. And a bright-

line date for any third party claimant appeal is also a consideration.

The rules are not as clear as they might be. Perhaps <u>Pease</u> is correct that the forfeiture must be included in the sentencing judgment when a preliminary forfeiture order has previously been entered. But can a sentencing be divided into discrete elements, one determining incarceration and one determining forfeiture? The Eighth Circuit cases suggest that it can; <u>Petrie</u> holds that it cannot, even if the judgment indicates that the defendant is subject to forfeiture; and <u>Ferrario-Pozzi</u> holds that the forfeiture determination can come later, at least if the forfeiture is referenced in the judgment.

I conclude, with considerable uncertainty, that the <u>Ferrario-Pozzi</u> approach most accords with reality. The forfeiture is part of the sentence, although the amount has not yet been determined, thus avoiding the claim that there has been a substantive change in the sentence. *See* <u>United States v. Kaye</u>, 739 F.2d 488 (9th Cir. 1984). And it allows the defendant to file an immediate appeal with the likelihood that a later forfeiture determination can be added to the issues on appeal. But here the sentencing judgment did not include such a reference, even though it was clear from the record that the court was intending to impose forfeitures. In those circumstances I feel constrained to deny the government's motion for entry of its proposed preliminary forfeiture order and for amendment of the judgment. That results in a final appealable order, and we assume the government will appeal. Accordingly, we stay any return of assets to the defendant, but we do direct the government to vacate its lien on the defendant's residence.

_____
JAMES B. MORAN
Senior Judge, U. S. District Court

May 26, 2004.

# United States District Court
## Northern District of Illinois
### Eastern Division

USA                                            **JUDGMENT IN A CIVIL CASE**

            v.                                      Case Number: 00 CR 737-2

JAMES R. TURCOTTE

☐     Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■     Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that governments motion for entry of its proposed preliminary forfeiture order and for amendment of the judgment is denied. That results in a final appealable order, and we assume the government will appeal. Accordingly, we stay any return of assets to the defendant, but we do direct the government to vacate its lien on the defendants's residence.

                                                       Michael W. Dobbins, Clerk of Court

Date: 5/26/2004                                /s/ Linda Garth
                                                               Linda Garth, Deputy Clerk